UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20397-CIV-LENARD/GARBER

DANNY TARANTINO,

    Plaintiff,

v.

WILHELMINA FORD, EDMUND
CAMPBELL, FIDELITY AND DEPOSIT
COMPANY OF MARYLAND,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received Defendant Fidelity and Deposit Company of Maryland's Motion to Dismiss [DE 69], Plaintiff Tarantino's Response in Opposition [DE 72], the Reply [DE 73] and held a hearing on the matter. Upon due consideration, and for the reasons elaborated on below, the Court respectfully recommends that the Motion to Dismiss be DENIED.

I. Background

This action concerns 16 hours of allegedly ill-gotten pay. Wilhelmina Ford, General President of the Miami Area Local American Postal Workers Union ("Union"), and Edmund Campbell, the Union's Secretary Treasurer, went to a convention for a week. During that week they each received 8 paid hours of overtime. Tarantino, a union member, learned of this and sued. He alleges that paying Ford and Campbell for unworked hours violates the union's constitution and bylaws and the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 501, which sets out the fiduciary responsibilities of union officers.

The third defendant, Fidelity and Deposit Company of Maryland ("Fidelity"), comes by way of a second section of the LMRDA. Title 29 U.S.C. § 502 requires that union officials who handle funds or property of the union be bonded by corporate surety. Ford and Campbell are such officers, and Fidelity issued such a bond. Tarantino has sued Fidelity on the bond; and Fidelity moves to dismiss the claim against it.

II. Analysis

Fidelity's motion to dismiss resolves on two discrete legal questions: (1) do 29 U.S.C. §§ 501 & 502 give a union member the authority to sue on an insurance bond issued to cover union officials when the union member is not a named insured; and (2) can the plaintiff, a third party to the contract, sue when he has not met the conditions precedent set forth in the contract? In each instance the law has had surprisingly little interpretation.

A. Standing to Sue

Tarantino is not named on the bond, and, unless a third-party can point to statutory authorization, he cannot sue on a bond. Hicks v. Aetna Ins. Co., 423 N.E. 2d 584, 587 (Ill. App. Ct. 1981). Tarantino argues that 29 U.S.C. § 501(b) gives him the authorization. Fidelity disagrees. Title 29 U.S.C. § 501(a) establishes the existence and scope of union officer duties. Subsection b, creates a cause of action that allows members of the union to sue the officers that violate the duty. Section 502 requires unions to procure an insurance bond against fraudulent or dishonest acts. Notably absent from § 502, is an indication of who can sue the surety company on the bond. Fidelity argues that this silence indicates that neither § 501(b) nor § 502 provide Tarantino with a statutory right to sue. While this argument is quite reasonable, two cases directly on point have rejected it.

Purcell v. Keane, 277 F. Supp. 252 (E.D. Pa. 1967), and Giordani v. Hoffman, 295 F. Supp. 463 (E.D. Pa. 1969), held that a union member could sue the surety company. Both of these courts

base their ruling on the interplay between §§ 502 and 501. "In the typical 501 situation the union through its officers will not act against its errant officers because either the officers empowered to act are the ones charged or are at least close associates. If it is preposterous to expect them to sue themselves, it follows that it is equally unlikely to expect them to sue on a surety bond on which they defaulted." Purcell, 277 F. Supp. at 258. While these decisions are not binding, the logic is sound, and the Court has been unable to find, and Fidelity has failed to point to, any case that has rejected this reasoning.

B. Condition Precedents

The answer to the second question is less clear. Fidelity argues that even if Tarantino had standing to sue, he cannot sue because he has failed to comply with the notice requirements of the bond. Purcell and Giordani addressed this issue as well and allowed a union member to sue on the bond without meeting the conditions precedent. Fidelity correctly points out that these decisions are not binding on the Court. The only binding authority on this question is the Eleventh Circuit's decision in Erkin v. Bryan, 785 F.2d 1538 (11th Cir. 1986). Because it is the sole light that this Court must follow to reach its decision, the relevant portion is quoted in full:

> "After a trial on the merits, the district court found that plaintiffs could not recover from USF & G because they had failed to meet the notice and claim provisions of the bonding contract. . . . Plaintiffs claim error in the district court's finding. They contend that rank and file union members cannot be barred from recovery for failure to comply with notice and claim provisions. See Giordani v. Hoffman, 295 F. Supp. 463 (E.D.Pa.1969); Purcell v. Keane, 277 F. Supp. 252 (E.D.Pa.1967). Although Giordani and Purcell allowed claims in spite of failure to comply with the bond provisions, those cases are not controlling here. Since the bonding companies had been joined in the original complaints in those cases, prejudicial delay was not at issue. Here, plaintiffs delayed for three years after they received actual knowledge of the bond's existence; during that time, they never inquired as to the bond's provisions. Plaintiffs claim they were distracted by the hotly contested issue of standing to sue. While distraction certainly is possible, it is no excuse for failure to diligently pursue all claims arising from the misapplication of strike funds. See United Klans v. McGovern, 621 F.2d 152 (5th Cir.1980) (once plaintiff has inquiry notice of claims,

>statute of limitations begins to run). Contrary to plaintiffs' assertions, prejudice to USF & G from this delay in joinder is certainly not speculative. USF & G was denied the opportunity to challenge plaintiffs' standing under § 501, to argue for or against intervention by USW, and to participate in much of the discovery prior to trial. We conclude, therefore, that plaintiffs' claim against USF & G is barred for lack of due diligence. We affirm the district court's finding."

785 F.2d 1538, 1549 (11th Cir. 1986). The Eleventh Circuit upheld the district court's decision that plaintiffs could not recover on a surety bond when they had failed to comply with the bond's conditions. But, in doing so, the Eleventh Circuit used different reasons. It focused on the issue of prejudicial delay when it distinguished the facts before it from Purcell and Giordani. Furthermore, the Eleventh is quite clear in finding that the plaintiffs' claims were barred for lack of due diligence.

The facts, viewed in the light most favorably to Tarantino, demonstrate he diligently pursued his claim against Fidelity. When he first learned of the alleged violation by Ford and Campbell, he raised his grievances through the Union's internal process. Ex Parte Request For Leave of Court to File [DE 1]. When he exhausted internal appeals, he moved for leave to file suit. After the Court granted leave to file, Tarantino promptly filed suit. On January 18, 2008, Tarantino moved to compel the name of the bonding company and a copy of the bond [DE 21]. On January 24, 2008, the Court stayed the case as to the motion to compel pending resolution of the motion for a preliminary injunction [DE 23]. On April 15, 2008, Ford responded to the motion to compel arguing that the motion should be denied because he is entitled to have 30 days to respond. [DE 45]. The Court granted Tarantino's motion to compel. Shortly thereafter, Tarantino filed an amended complaint that joined Fidelity as a party. Accordingly, the Court finds that Tarantino diligent in his efforts to join Fidelity and uncover the terms of the bond.

As Tarantino was diligent and Erkin does not control, the Court turns to policy considerations. Fidelity argues that it would be inequitable for the Court to ignore the conditions

precedent in the bonds as it "would amount to a judicial redrafting of Fidelity's contract." Reply p. 6 [DE 73]. Courts, of course, are not to do this. Rather, they are to construe policies in accordance with their plain language. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla. 2003). Tarantino, on the other hand, points to a Southern District of New York decision in Irving Trust Company v. Nationwide Leisure Corporation. 95 F.R.D. 51, 67 (S.D.N.Y. 1982), which draws a distinction between bonds and insurance contracts. That court held that a third-party claimant on a bond was not subject to the bond's condition precedent. Id. In that court's words, "courts have refused to enforce alleged conditions precedent of notice in bonds against third-party claimants for whose benefit a bond was issued and who had no notice or knowledge of the bond's provisions." Id. This describes Tarantino's position precisely, and the Court finds the Irving Trust Company decision compelling in this instance.

Lastly, Fidelity makes the point that if union members were not subject to the bond's condition precedents, the union could easily avoid the bond's notice provisions by using a member to sue rather than suing directly. Admittedly, this is a real potential. The Court, however, is comforted by the fact that, clearly, there is no such collusion in this instance. Accordingly, the Court finds that Tarantino is not bound by the bond's condition precedents.

III. Conclusion

Because the Court finds that Tarantino has standing to sue Fidelity on the surety bond and is not bound by the bond's condition precedents and respectfully

RECOMMENDS that defendant Fidelity and Deposit Company of Maryland's Motion to Dismiss be DENIED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Joan A. Lenard. See 28 U.S.C. § 636

(1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

    Respectfully submitted in Chambers at Miami, Florida this 18th day of May 2009.

*/s/ Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE