UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20397-CIV-LENARD/GARBER

DANIEL TARANTINO,

    Plaintiff,

v.

WILHEMINA FORD, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received Plaintiff's Motion to Recuse Attorney Rind [DE 137] and Plaintiff's Motion, by Letter to the Court, to Compel Responses to a Request for Admissions. The Court has received the concomitant Response and Reply, as well as held a hearing on both matters on January 15, 2010.

This action concerns 16 hours of allegedly ill-gotten pay. Wilhelmina Ford, General President of the Miami Area Local American Postal Workers Union ("Union"), and Edmund Campbell, the Union's Secretary Treasurer, went to a convention for a week. During that week they each received 8 paid hours of overtime. Tarantino, a union member, learned of this and sued. He alleges that paying Ford and Campbell for unworked hours violates the Union's constitution and bylaws and the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 501, which sets out the fiduciary responsibilities of Union officers. Tarantino also alleges that the officers were given extra allowances from the Union for use of a car.

Defendant Fidelity and Deposit Company of Maryland ("Fidelity"), comes by way of a second section of the LMRDA. Title 29 U.S.C. § 502 requires that Union officials who handle funds or property of the Union be bonded by a corporate surety. Ford and Campbell are such officers, and Fidelity issued such a bond. Tarantino sued Fidelity on the bond.

*Motion to Recuse*

Tarantino contends that defendant Ford's attorney, Osnat Rind has a conflict of interest because she, and her prior law firm, represented the Union in an internal hearing held in 1999 that had similar issues relating to overtime pay. Tarantino intends on calling Rind as a witness in this lawsuit because of her involvement in the settlement of the 1999 dispute.

Defendant Ford contends that Tarantino's Motion is *res judicata* because Tarantino had previously moved for, and was denied, a preliminary injunction to restrict the use of Union funds to pay the defendant's attorneys. In the Motion for a Preliminary Injunction [DE 13], Tarantino originally also moved for an injunction that would preclude representation by Rind, but withdrew this request. The Court only decided the issue of whether union funds could be expended in the defense of the lawsuit. The same standard and analysis, however, would have applied to either request. Tarantino filed the instant motion because, he states, new facts have come to light regarding Rind's involvement in the 1999 hearing.

An attorney who has represented a union in the past is not necessarily precluded from later representing union officers by virtue of the prior representation. In the Report and Recommendation [DE 37], which was adopted by Judge Lenard [DE 53], Judge Torres applied the following Second Circuit standard: "whether the plaintiff has made a reasonable showing that he is likely to succeed, and whether the conduct of defendants is in conflict with the interests of the Union." *Holdeman v.*

*Sheldon*, 311 F.2d 2, 3 (2d Cir. 1962). Judge Torres concluded that it was not likely that Tarantino would succeed on the merits and denied the injunction.

In her Response, Defendant Ford relies on Judge Torres' decision and the same standard used in that determination. She primarily addresses the reasons that Tarantino will not succeed on the merits. She does not address Tarantino's contention about a conflict of interest because of her involvement in the prior hearing.

However, the standard used by Judge Torres is applicable to requests for preliminary injunctions. If this standard were to apply to the instant Motion, the Court would agree with Defendant, that this issue has been determined and the Motion should be denied.

However, a motion to disqualify an attorney, though it may have the same result, is analyzed differently from a motion for preliminary injunction. "To disqualify an opposing attorney a party must establish that it once enjoyed an attorney-client relationship with the opposing lawyer and the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented it." *Shivers v. International Brotherhood of Electrical Workers Local Union 349*, 262 Fed. Appx. 121, 126 (11th Cir. 2008) (internal quotations and citations omitted).

At the hearing, Rind stated that though her previous firm may have represented the Union in the 1999 internal negotiations, she personally did not have involvement in that litigation. Furthermore, as noted in Judge Torres's Report and Recommendation, Rind is not employed by the Union under an annual retainer nor is she employed by the Union. [DE 37 at fn.1.] The Court finds that Rind's representation in this lawsuit is not in conflict with past representation. Therefore, Plaintiff's Motion to Recuse Attorney Rind is DENIED.

*Motion to Compel*

The parties have represented to the Court that the response at issue in this Motion has been provided. Therefore, Plaintiff's Motion to Compel is DENIED AS MOOT. Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Recuse Attorney Rind is DENIED. It is further ORDERED that Plaintiff's Motion to Compel is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 19th day of January, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE