UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-20397-CIV-LENARD-OSULLIVAN

DANNY TARANTINO

    Plaintiff,
v.

WILHEMINA FORD, President of APWU/
Miami Area Local, and Edmund
Campbell, former Secretary Treasurer,
AMERICAN POSTAL WORKERS UNION and
FIDELITY & DEPOSITION OF MARYLAND,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This Matter is before the Court on the Defendant, Wilhemina Ford's Motion for Costs (DE# 214 6/27/11) and the Defendant, Edmund Campbell's Motion for Costs (DE# 213, 6/27/11). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida. See Order of Certificate for Reassignment. (DE# 210, 04/01/11). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the Defendant Ford's Motion for Costs (DE# 214, 6/27/11) be **GRANTED** in part and **DENIED** in part, in accordance with the following Report and Recommendation and that the Defendant Campbell's Motion for Costs (DE# 213, 6/27/11) be **GRANTED** in part and **DENIED** in part, in accordance with the following Report and Recommendation.

## BACKGROUND

On May 31, 2011, the Honorable Joan A. Lenard issued an Order Granting both the defendant Ford's Motion for Summary Judgment (DE# 147, 11/18/09) and the defendant

Campbell's Motion for Summary Judgment (DE# 149, 11/30/09) in one Order (DE# 212, 5/31/11). The defendants, Wilhemina Ford and Edmund Campbell each submitted their own Motion to Tax Costs to the Court on June 27, 2011 (DE# 213, 6/27/11); (DE# 214, 6/27/11).  Ford seeks a total of $2,758.56 in costs for costs associated with: (1) fees for the deposition transcript of Danny Tarantino; and (2) fees for copying costs. Campbell seeks costs in the amount of $1,879.53 for costs associated with: (1) fees for the deposition transcript of Danny Tarantino; and (2) fees for copying costs.   The plaintiff filed a response to the defendant Ford's motion on July 17, 2011, (DE# 216).  On July 22, 2011, the plaintiff filed a response to the defendant Campbell's motion[1] (DE#219).  The defendant Ford filed a reply on July 19, 2011, (DE# 217), and the defendant Campbell filed a reply on July 19, 2011, (DE# 218) as well.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorneys' fees "should be allowed to the prevailing party unless a federal statute, the Federal Rules, or a court order provide otherwise."  See Fed. R. Civ. P. 54(d)(1).

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however.  Usually the litigant in whose favor judgement is rendered is the prevailing party for purposes of rule 54(d) . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)).  A presumption exists that the prevailing party is entitled to receive costs but allows the court to decide otherwise in its discretion.  Chapman v. AI Transport,

---

[1]According to the date in the certification of the plaintiff's response to Campbell's motion, the plaintiff sent his response on July 9th, 2011. The response was docketed on July 22, 2011.

229 F.3d 1012, 1038 (11th Cir. 2000). A district court may deny full costs if there is a sound basis for such a decision and the reason is stated by the court. Id. at 1039; See also Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984)); Cherry v. Champion Int'l Corp., 186 F.3d 442,446 (4th Cir. 1999). Also, "[w]hen challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost in not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." Licausi v. Symantec Corp., No. 08-60544, 2009 WL 3177566 (S.D. Fla. Sept. 29, 2009) (citing Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005) and Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990).

Specifically, 28 U.S.C. § 1920 enumerates the costs that may be taxed at the discretion of the courts. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, trial courts are accorded great latitude

ascertaining taxable costs.  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  Generally, "the trial court in the exercise of sound discretion may tax all reasonable expenses incurred by a prevailing party under the...headings listed in §1920 and under Rule 54(d)." Principe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982).

The defendant Ford requests a total of $2,758.56 in costs and the defendant Campbell requests a total of $1,879.53 in costs.

Accordingly, the undersigned recommends the following costs be awarded:

1.      Fees for the Deposition Transcript of Danny Tarantino

The defendant Ford seeks reimbursement in the amount of $2043.06 and defendant Campbell seeks $1,786.06 for costs associated with the deposition of the plaintiff for fees for printed or electronically recorded transcripts that were "necessarily obtained for use in the case." 28 U.S.C. §1902(2).  The plaintiff argues that his deposition was not necessary because he was available to answer questions during the discovery process, and that only a few pages were used by the defendants in the motion for summary judgment.  See Plaintiff Response to Motion to Tax Costs. (DE# 216, 7/12/11 at p.5 ) and (DE# 219, 7/22/11 at p. 5).  However, as both defendants note, the Eleventh Circuit Court of Appeals has recognized that the costs associated with depositions may be recovered if they are  "wholly or partially necessarily obtained for use in the case." E.E.O.C. v. W & O, Inc., 213 F.3d 600,621 (11th Cir. 2000); See Defendant's Motion to Tax Costs (DE# 213, 6/27/11); and Defendant's Motion to Tax Costs (DE# 214, 6/27/11).

The Eleventh Circuit also has held  that courts may tax costs "associated with the depositions submitted by the parties in support of their summary judgment motions." Id. (Quoting Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th.Cir.1997)).  Attached as Exhibits to

both costs motions are the relevant portions of the deposition transcripts that were used to draft the Summary Judgment motions. See Exhibit 11 (DE# 213, 6/27/11), and Exhibit 7 (DE# 214, 6/27/11) .

Pursuant to FED. R. CIV. P. 30(a)(1), "a party may, by oral questions, depose any persons, including a party, without leave of court". Therefore, the plaintiff's argument that his deposition was not necessary, because he was available during the discovery process to answer questions, lacks merit.

In accordance with the foregoing, the undersigned recommends that the defendant Ford be awarded ***$2,043.06*** and defendant Campbell ***$1,768.06*** for costs associated with the fees for the deposition transcripts of Danny Tarantino.

2.     Fees for Exemplifications and the Costs of Making Copies

The defendant Ford request reimbursement in the amount of $715.50 for costs associated with the exemplification and the cost of making copies. 28 U.S.C. § 1920(4) allows for the recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." W&O, Inc., 213 F.3d at 622. The defendant Ford requests copy costs at a rate of 25 cents per copy. Twenty five cents per copy is unreasonable.

This court in Martinez-Pinillos v. Air Flow Filters, Inc., 2010 WL 6121708 (S.D. Fla. 2010) found that 19 cents per copy was unreasonable and recommended that the copy cost be taxed at 15 cents per page. 2010 WL 6121708 (S.D. Fla. 2010). See James Williams v. R.W. Cannon, Inc., et al., 657 F.Supp.2d 1302 (S.D. Fla. 2009)(finding that 25 cents per copy was unreasonable and decreased the rate to 10 cents per page). See also Monelus v. Tocodrain Inc., 609 F.Supp.2d 1328, 1336 (S.D. Fla. 2009) (concluding "that a rate of 10 to 14 cents per page was more reasonable" than 19 cents after a review of recent cases in this Circuit). Accordingly, the defendant Ford should be awarded 15 cents per copy for 2,862 copies for a total copy cost award of ***$429.30*** for costs associated with the fees for exemplifications and the

costs of making copies.

The defendant Campbell requests reimbursement in the amount of $111.47 for fees for the exemplification and the cost of making copies. The plaintiff does not contest this amount. The $111.47 is for 721 copies at 15 cents per copy. As noted above, 15 cents per copy is reasonable. Accordingly, the undersigned recommends that the defendant Campbell be awarded **$108.15**[2] for costs associated with the fees for exemplifications and the costs of making copies.

The undersigned recommends that the defendant Ford be awarded a total of **$2,473.36** in costs and the defendant Campbell **$1,876.21** in costs.

### RECOMMENDATION

In accordance with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Ford's Motion for Costs (DE# 213, 6/27/11) be **GRANTED** in part and **DENIED** in part and that the defendant Ford be awarded a total of **$2,473.36** in costs. Also in accordance with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Campbell's Motion for Costs (DE# 214, 6/27/11) be **GRANTED** in part and **DENIED** in part[3] and that the defendant Campbell be awarded a total of **$1,876.21** in costs. The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LaConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488

---

[2] According to the undersigned's calculations 721 copies at a rate of 15 cents per copy totals $108.15, not the $111.47 requested by the defendant.

[3] The Defendant Campbell's motion would have been granted in full but for the apparent math error contained within the request for copy costs in the defendant's motion.

U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 1st day of August, 2011.

```
                                           _____
                                           JOHN J. O'SULLIVAN
                                           UNITED STATES MAGISTRATE JUDGE
```

Copies furnished to:
U.S. District Court Judge Lenard
All Counsel of Record